*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name:  04a0376p.06

# UNITED STATES COURTS OF APPEALS

## FOR THE SIXTH CIRCUIT

---

AMY MILLER, et al.,

        *Plaintiffs-Appellees,*

    *v.*

J. KENNETH BLACKWELL, et al.,

        *Defendants-Appellees,*

KEVIN CRAFT and GREG LAWSON,

        *Intervenors-Defendants-Appellants,*

STATE OF OHIO,

        *Intervenor-Defendant-Appellant.*

Nos. 04-4299/4300/4301

---

Filed:  October 29, 2004

Before:  KEITH, DAUGHTREY, and CLAY, Circuit Judges.

---

## ORDER

---

PER CURIAM. Defendant-Appellant, Franklin County Board of Elections, appeals from the district court's October 27, 2004 Order Granting Plaintiffs' Motion for A Temporary Restraining Order and the Motion to Intervene of Kevin Craft and Greg Lawson, and moves this Court for an order staying the district court's decision to grant a temporary retraining order in this case and further expediting the briefing. Intervenors-Defendants-Appellants, Kevin Craft and Greg Lawson, also appeal and move this Court for an order staying enforcement of the district court's order of October 27, 2004 granting plaintiffs a temporary restraining order in this case.  In addition, Intervenor-Defendant-Appellant, State of Ohio, appeals, and pursuant to an Emergency Motion for  Stay, requests this Court to stay the district court's order or to immediately reverse that order so that the Ohio Secretary of State may proceed with pre-election challenges to voters' registrations between now and the election scheduled for November 2, 2004.

The district court's order granting Plaintiffs' motion for a temporary restraining order and the motion to intervene of Kevin Craft and Greg Lawson, from which the aforementioned parties take their appeals, provides that because Plaintiffs have demonstrated a strong likelihood of success on the merits regarding an alleged violation of their constitutional rights, and because the other factors to consider in granting a temporary restraining order weigh in Plaintiffs' favor, Plaintiffs' motion for a temporary restraining order is granted and Defendant, the County Boards of Elections, is enjoined from issuing notices or conducting hearings, including those already scheduled, regarding the pre-election challenges to voter eligibility at issue

1

in this case; and Defendant Blackwell, the Ohio Secretary of State, is enjoined from mandating or enforcing the enjoined procedures, pending the court's decision on a preliminary injunction in this case.

The district court has scheduled a hearing for 10:30 a.m. on Friday, October 29, 2004, at which time it will determine whether to convert the temporary restraining order into a preliminary injunction.

This Court is mindful of the practical difficulty of the County Boards of Elections arranging and conducting literally thousands of hearings for all challenged voters between today's date and November 2, 2004 in a manner that complies with all legal prerequisites of county and state election laws without contravening the requirements of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the National Voter Registration Act, 42 U.S.C. §§ 1973gg *et. seq.* After considering the difficulties posed by the competing concerns of not discouraging or preventing legal voting, on the one hand, and minimizing false registrations and election fraud, on the other hand, and having reviewed the district court's order granting temporary restraining order,

This Court hereby **DENIES** Defendant-Appellant Franklin County Board of Elections' Motion for Emergency Stay of the District Court's Order Granting Temporary Restraining Order and Motion to Expedite Appeal; Motion of Intervenors-Defendants-Appellants Kevin Craft and Greg Lawson for Emergency Stay of District Court's Order Granting Plaintiffs' Motion for Temporary Restraining Order Pending Appeal and Motion to Expedite Appeal; and Intervenor-Defendant-Appellant, the State of Ohio's Emergency Motion for Stay. Inasmuch as the district court is scheduled to proceed with the hearings that it has scheduled for October 29, 2004, this panel will retain jurisdiction with respect to any subsequent appeals taken following that proceeding.

IT IS SO ORDERED.

ENTERED BY ORDER OF THE COURT


/s/ Leonard Green
_____
Clerk